UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN C. SMITH,

       Plaintiff,

v.

FREDDIE G. BURTON, *et. al*.,

       Defendants.

_____/

Case No. 4:21-cv-10762

Stephanie Dawkins Davis
U.S. District Judge

**OPINION AND ORDER (1) VACATING THE
ORDER OF DEFICIENCY, (2) GRANTING THE
APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND
(3) SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT**

**I.    PROCEDURAL HISTORY AND IFP APPLICATION**

Before the Court is Plaintiff Franklin C. Smith's *pro se* civil rights

complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a former state prisoner

who has now been released from custody and is residing in Tallahassee, Florida.

The Court vacates the Order of Deficiency from April 21, 2021.  The Court has

reviewed the complaint and now dismisses it for failing to state a claim upon

which relief can be granted**.**

On April 21, 2021, Magistrate Judge R. Steven Whalen signed an order of

deficiency.  (ECF No. 5).  The order required Plaintiff to provide an application to

proceed without prepayment of fees and costs, an authorization to withdraw from

his trust fund account, a signed certification of his prison trust account from an

1

authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months; the order alternatively allowed Plaintiff to pay the three hundred and fifty ($350.00) dollar filing fee, plus the $52.00 administrative fee, in full.  Plaintiff was given thirty days to comply with the order.

Plaintiff has not complied with the order of deficiency.  In reviewing the original and amended complaints, however, it appears that Plaintiff has now been released from custody.

Title 28 U.S.C. § 1915(a)(2), as amended by the Prison Litigation Reform Act (PLRA), requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.  *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).  However, once a prisoner is released from incarceration, his or her obligation to pay court fees is determined, like any other non-prisoner, solely by whether he or she qualifies for the type of *in forma pauperis* status that is available to all litigants. *McGore*, 114 F.3d at 612.  Plaintiff has now been released from custody and thus no longer has

to comply with all of the filing fee requirements imposed by the Prison Litigation Reform Act.  Accordingly, the Order of Deficiency is vacated.

All individuals, both prisoners and non-prisoners, who seek pauper status in federal court must file a form or affidavit which states all of the assets possessed by that individual and the failure to file the required affidavit mandates that the pauper request be denied.  *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997).  Plaintiff has filed an application to proceed *in forma pauperis* with the requisite information.  Accordingly, the Court will **GRANT** the application to proceed *in forma pauperis.*

## II.    STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees.  *See* 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth,* 114 F.3d at 604.  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25,

32 (1992).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable

basis when filed.  *McGore*, 114 F.3d at 612.  Although plaintiff has now been

released from prison, the PLRA's screening provisions apply to non-prisoners as

well as to prisoners.  *McGore,* 114 F.3d at 608.

While a complaint "does not need detailed factual allegations," the "[f]actual

allegations must be enough to raise a right to relief above the speculative level on

the assumption that all the allegations in the complaint are true (even if doubtful in

fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and

citations omitted).  Stated differently, "a complaint must contain sufficient factual

matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.* (*citing Twombly*, 550 U.S. at 556).

To establish a *prima facie* case under 42 U.S.C. § 1983, a civil rights

plaintiff must establish that: (1) the defendant acted under color of state law; and

(2) the offending conduct deprived the plaintiff of rights secured by federal law.

*Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451

U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential

element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

The Court further notes that one of the defendants that Plaintiff sues is Judge Emmet G. Sullivan, a federal judge in the United States District Court for the District of Columbia. Title 42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. However, a plaintiff may file suit in federal court for damages arising from a violation of the plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). The portion of Plaintiff's complaint against Judge Sullivan is construed as a *Bivens* action. *See e.g.*, *Shehee v. Luttrell*, 199 F.3d 295, 298 (6th Cir. 1999). The screening provisions of the Prisoner Litigation Reform Act (PLRA) are applicable to *Bivens* actions. *See e.g.*, *Diaz v. Van Norman*, 351 F.Supp.2d 679, 680-81 (E.D. Mich. 2005).

## III.   COMPLAINT

Plaintiff has filed a long and rambling complaint and amended complaint. The gist of his complaint is that the main defendant, a Wayne County Probate Judge, and a number of other defendants, have conspired to deprive him of a portion of his deceased mother's estate. Plaintiff claims that several of the defendants have either directly threatened him with acts of violence or have

5

conspired with the Federal Bureau of Investigation, the Central Intelligence

Agency, or various criminals from Detroit to threaten or kill him.

Plaintiff brought an almost identical action in the United States District

Court for the District of Columbia.  The case was dismissed as being frivolous or

for failing to state a claim for relief.  *Smith v. Burton*, *et. al.*, No. 1:20-cv-0900-

UNA (D. D.C. June 1, 2020).

Plaintiff again brings the same allegations although he also sues Judge

Sullivan for his role in dismissing his prior civil rights action.

## IV.   DISCUSSION

Plaintiff's allegations involving his mother's estate and the conspiracy

amongst the various defendants to deprive him of his portion of the estate are

subject to dismissal because the claims being raised and the defendants being sued

in this portion of the complaint are similar to the prior lawsuit that was brought by

Plaintiff and dismissed by Judge Sullivan in the United States District Court for the

District of Columbia.

The Sixth Circuit has held that "a district court may invoke the doctrine of

res judicata in the interests of, inter alia, the promotion of judicial economy."

*Holloway Const. Co. v. U.S. Dept. of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989)

(citing *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980)

(Rehnquist, J., dissenting)).

The present complaint is barred by the doctrine of *res judicata*, which includes both claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008):

> Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.*, at 748-749. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154 (1979).

*Id*. at 892 (alterations in original).

Plaintiff's allegations involving his deceased mother's estate and the actions undertaken to deprive him of the estate are barred by the doctrine of claim preclusion because he is raising the same claims challenging the alleged deprivation of Plaintiff's portion of his mother's estate that he raised in his prior complaint before Judge Sullivan. Plaintiff's current complaint is also barred by the doctrine of issue preclusion. For the doctrine of issue preclusion to apply:

> 1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;

7

> 2) determination of the issue must have been necessary to the outcome of the prior proceeding;
> 3) the prior proceeding must have resulted in a final judgment on the merits; and
> 4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Aircraft Braking Sys. Corp. v. Local 856, Int'l Union*, 97 F.3d 155, 161 (6th Cir. 1996).

Plaintiff raises the same issues involving his mother's estate and the actions undertaken to deprive him of his share of the estate that he raised and litigated in his prior lawsuit before Judge Sullivan. A determination that Plaintiff's allegations failed to state a claim for relief was necessary to the outcome of the earlier lawsuit. Plaintiff's prior lawsuit resulted in a final judgment on the merits of Plaintiff's claims. Finally, Plaintiff was afforded a full and fair opportunity to litigate his claims in his prior lawsuit. Plaintiff's allegations involving his deceased mother's estate are frivolous and subject to dismissal, because they are barred by the doctrine of *res judicata*. *See Smith v. Morgan*, 75 F. App'x 505, 506-07 (6th Cir. 2003) ("Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation."); *Armour v. McCalla*, 16 F. App'x 305, 306 (6th Cir. 2001)

(Eighth Amendment claim barred by *res judicata* where it was previously dismissed as frivolous in earlier lawsuit).

The complaint must be dismissed against Judge Sullivan because he is immune from suit in his role in dismissing Plaintiff's prior civil rights lawsuit. Judges are generally absolutely immune from civil rights suits for money damages. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)). Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge takes action in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12 (internal citations omitted).  The doctrine of absolute judicial immunity also protects federal judges from injunctive relief as well as monetary damages.  *Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (citing *Bolin v. Story,* 225 F. 3d 1234, 1240-42 (11th Cir. 2000)).  Federal judges are also immune from *Bivens* suits for equitable relief.  *See Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001).

Whether an action is "judicial" depends on the "'nature' and 'function' of the act, not the 'act itself.'"  *Mireles*, 502 U.S. at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).  This functional analysis generally turns on two factors set forth by the Supreme Court in *Stump*.  First, rather than looking at a particular act in isolation, courts should "look to the particular act's relation to a general

function normally performed by a judge." *Id.* Second, courts must assess whether the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362. An act "'does not become less judicial by virtue of an allegation of malice or corruption of motive.'" *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 432 (6th Cir. 1988) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

Judge Sullivan is entitled to absolute immunity from liability in Plaintiff's civil rights action for his act of dismissing Plaintiff's previous civil rights action because his act of dismissing Plaintiff's civil rights case was taken within Judge Sullivan's judicial capacity and the ruling was within his authority to make as the arbiter over Plaintiff's case. *See Chance v. Todd*, 74 F. App'x 598, 600 (6th Cir. 2003) (Dismissal affirmed because judge "enjoys absolute immunity from suit for money damages for acts undertaken in his judicial capacity.").

The Court dismisses the complaint because it fails to state a claim for relief. Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson*, 440 F.Supp.2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

## V.   ORDER

Accordingly, it is **ORDERED** that:

1. The civil rights complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

2. **IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

SO ORDERED.

Dated:      July 30, 2021

s/Stephanie Dawkins Davis
HON. STEPHANIE DAWKINS DAVIS
United States District Court Judge
